IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ERIC DEJUAN JONES, #50222                                                    PETITIONER

VERSUS                                          CIVIL ACTION NO.  3:06cv373HTW-JCS

JAMES HOLMAN                                                                 RESPONDENT

OPINION AND ORDER

On August 30, 2006, this court ordered the petitioner to show cause why this civil action should not be dismissed for failure to exhaust his available administrative remedies or state post-conviction remedies.  The envelope containing the order to show cause was returned with a notation by the postal service "return to sender."  An additional notation was made on the returned envelope stating that the petitioner had been released on July 17, 2006.

The petitioner filed the instant petition on July 11, 2006.  In the notice of assignment that was mailed to him, the petitioner was advised that he was responsible for advising this court of a change of address and his failure to do so could result in the dismissal of this civil action.

Having reviewed the docket entries, this court finds that it has been more than 60 days since the petitioner was released.  There is no indication that the petitioner has communicated with the court, either to inquire as to the status of his case or to attempt to comply with a court order.  The petitioner's failure to comply with an order of this court or to otherwise communicate with this court indicates his lack of interest in pursuing this claim.

This court has the authority to dismiss an action for the petitioner's failure to prosecute

under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the respondent has not been called upon to respond to the petition, and has never appeared in this action, and since the court has never considered the merits of the petition , the court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

THIS, the 20th day of October, 2006.

s/ HENRY T. WINGATE  
CHIEF UNITED STATES DISTRICT JUDGE

Civil Action No. 3:06-cv-373 WS  
Opinion and Order